

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00140-CR

CODY SCOTT GRAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 369th District Court
Leon County, Texas
Trial Court No. 22-0013CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Pursuant to a plea agreement, Cody Scott Gray pled guilty to aggravated assault with a deadly weapon, enhanced by a prior non-state jail felony conviction, and was placed on deferred adjudication community supervision for a period of seven years.[1] Three months later, the State moved to revoke Gray's community supervision and proceed with an adjudication of his guilt. In open court, Gray pled true to the State's allegations accusing him of failing to comply with the terms and conditions of his community supervision. After an evidentiary hearing, the trial court granted the State's motion. As a result, Gray was sentenced to thirty years' incarceration. Gray appeals.[2]

Gray's attorney has filed a brief stating that he has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel

---

[1]*See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.).

[2]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Tenth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

Op.] 1978).  Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On November 16, 2022, counsel mailed Gray copies of the brief and the motion to withdraw.  Counsel informed Gray of his rights to review the record and file a pro se response and provided Gray with a motion for access to the appellate record lacking only Gray's signature.  By letter dated November 16, 2022, this Court informed Gray that the signed motion for access to the record was due on or before December 1, 2022.  By letter dated December 8, 2022, this Court informed Gray that any pro se response was due on or before January 7, 2023. On December 28, 2022, Gray filed what we interpreted to be his pro se response.  By letter dated December 29, 2022, this Court informed Gray that this matter was set for submission on January 19, 2023.

We reviewed the entire appellate record and Gray's pro se response and have independently determined that no reversible error exists.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error."  *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In this case, Gray was indicted for and convicted of the second-degree-felony offense of aggravated assault with a deadly weapon.  *See* TEX. PENAL CODE ANN. §22.02(a)(2).  Due to proof at trial that Gray had previously been finally convicted of the felony offense of burglary of a habitation, Gray was subject to the punishment range of a first-degree felony.  *See* TEX. PENAL

CODE ANN. § 12.42(b).  Nevertheless, the offense of conviction was a second-degree felony.  As a result, we modify the judgment to reflect that the offense of conviction is a second-degree felony.  Because the judgment adjudicating guilt did not include a deadly-weapon finding, we further modify the judgment to reflect the trial court's deadly-weapon finding.

In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment.  *Id.*  We, therefore, affirm the trial court's judgment, as modified.[3]

Jeff Rambin
Justice

Date Submitted:    January 19, 2023
Date Decided:    February 7, 2023

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744.  No substitute counsel will be appointed.  Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.